.John W. Reynolds, Appellee, v. George Alward, Appellant.

VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

Appeal from the Circuit Court of Shelby county; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the May term, 1909. Affirmed upon remittitur. Opinion filed March 30, 1910.

S. S. CLAPPER and CHAFEE & CHEW, for appellants.

WILLIAM H. RAGAN and GEORGE B. RHOADS, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

Appellant engaged appellee, who was a contractor in tile ditching, to lay tile upon his farm. The contract provided for the laying of new tile and the taking up and relaying of some old tile already in. There is no dispute as to what the contract was between appellant and appellee for laying the new tile. This was contracted to be done by appellee for ten cents per foot depth, per rod, for four, six and eight inch tile, but for the tile which was to be taken up and relaid, there is a dispute as to what was to be paid, appellee contending that he was to have the same price as for the laying of the new tile and in addition thereto, ten cents per rod; appellant contending that appellee was to have but five cents per rod additional.

The contract for laying the tile on what is known as the Alward forty was never completed, owing to conditions of the weather and controversies which arose between appellant and appellee; work was delayed from

time to time and finally stopped without completing the contract; the reason for stopping is disputed, appellant contending that appellee quit of his own accord and appellee contending that appellant refused to allow him to finish the work.

After the work of tiling the Alward forty was begun, appellant employed appellee to lay other tile upon an eighty, known as the Gregory eighty, which belonged to Mrs. Alward. There is no dispute about this contract, it was completed and the work paid for by appellant and has nothing to do with this controversy; consequently we will give it no further consideration.

Later another contract for other tiling was entered into between appellant and appellee which related to the draining of a pond upon appellant's farm and also for the draining of the cellar of appellant's residence. The work of putting in this tile was never begun by appellee and no work ever performed under this contract by appellee. Appellee contends that appellant refused to allow him to perform this work and that he was damaged by reason thereof. Conceding that appellant refused to allow him to proceed with it, appellee offered no evidence of any damage to him by reason thereof; consequently that contract has no bearing on the question here involved.

Upon the trial of the cause below the jury returned a verdict in favor of appellee for $183, to reverse which judgment this appeal is prosecuted.

The pleas filed by appellant in this case are, plea of payment, and a plea of a failure to perform the contract on the part of appellee in accordance with the contract, with a resultant damage to appellant by reason of appellee's failing to perform his work, such as was performed, in a good workmanlike manner in accordance with the contract, and for failure and refusal to finish the contract.

The issues presented by these pleas are questions of fact upon which the evidence is conflicting and which questions it was the province of the jury to determine.

The questions of fact involved relate to the performance of a simple contract and the questions of law raised are confined to the instructions given and refused by the trial court.

Upon the questions of fact concerning the terms of the contract and the cause of its failure to be performed, whether appellee quit of his own accord, or whether appellant refused to allow him to proceed, and whether the work done was done in the usual ordinary workmanlike manner in accordance with the contract, were questions of fact for the jury to be determined from the evidence. On all of these questions the jury found against the contention of appellant and we are not prepared to say from this record with the evidence conflicting as it is, that the verdict is not warranted by the evidence or that it is contrary to the evidence in the case, consequently it will not be disturbed by this court.

Complaint is made by appellant of nearly all the instructions given on behalf of appellee by the trial court and if the instructions were taken separately and not considered as a series, the criticism in some instances is just and applicable, but instructions must be regarded as a whole and considered as a series and the portions that it is contended by appellant are omitted in one instruction are included in others. While some of them are crude statements of law applicable to this case, and have been prepared probably without much thought or consideration, we find no errors in them which would justify this court in reversing this cause.

The evidence of appellant's engineer, Alexander, who measured the work done and who computed the amount it came to upon appellant's theory of five cents per rod additional for tile taken up and relaid, fixes the amount at $91. The evidence is conflicting on the amount of tile laid, appellee's figures showing that according to his measurements and at ten cents per rod extra for tile taken up and relaid, the amount is $135.07. The jury in addition evidently allowed

damages on the theory of breach of the contract by appellant and by reason thereof arrived at their verdict $183.

Upon the question of the amount of the verdict, appellee's own figures showing the amount of work done and performed by him upon the forty acres belonging to appellant and for which the original contract was made amount to only $135.07, and there is no evidence in the record that he was damaged by reason of not having been permitted to fulfill the entire contract; therefore, the verdict for $183 is in excess of the amount of damages shown by the record.

The judgment should not have been for more than $135.07 and if appellee will enter a *remittitur* in this court for the excess, $47.93, within thirty days, the judgment will be affirmed for $135.07, otherwise the judgment will be reversed and the cause remanded.

*Affirmed upon remittitur.*